IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JANA L. CRANS,          )
                        )
     Plaintiff,         )
                        )
v.                      )   CASE NO.: 3:16-cv-914-GMB
                        )   [WO]
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security, )
                        )
     Defendant.         )

# MEMORANDUM OPINION AND ORDER

Plaintiff Jana L. Crans filed this action on November 22, 2016, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Doc. 1. Crans applied for disability benefits with an alleged onset date of March 31, 2009. Her applications were denied at the initial administrative level. Crans then requested and received a hearing before an Administrative Law Judge ("ALJ") on January 7, 2015. Following the hearing, the ALJ denied Crans' claims. The Appeals Council rejected a subsequent request for review, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner").[1]

With briefing complete, this case is now ripe for review pursuant to 42 U.S.C.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

§§ 405(g) and 1383(c)(3). The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 10 & 11. Based upon a review of the evidentiary record, the parties' briefs, and the relevant legal authority, the court finds that the Commissioner's decision is due to be AFFIRMED.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citations and internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of

the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Crans bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

**A.     Facts**

Crans was 42 years old on the alleged disability onset date. She has two years of college-level education and prior work experience in catering and early childhood education.

Crans filed for disability benefits based on headaches, pain in her right knee, and stomach ulcers. The ALJ held an administrative hearing on January 7, 2015. Following that hearing, the ALJ found that Crans suffered from the medically determinable

4

impairments ("MDIs") of headaches of unknown etiology, history of gastrointestinal reflux disease, history of gastritis, mild medial compartment and patellofemoral degenerative changes, and tobacco abuse. However, the ALJ also found that none of those impairments, or a combination of those impairments, significantly limited or is expected to significantly limit her ability to perform basic work-related activities for 12 consecutive months; therefore, Crans did not have a severe impairment or combination of impairments at step two of the five-step sequential evaluation process. Based upon this finding, the ALJ concluded that Crans did not have a disability within the meaning of the Social Security Act, and he denied her claims. The ALJ's analysis did not move past step two of the five-step sequential evaluation process.

**B.     Issue Presented**

The only issue Crans presents for review is whether the ALJ erred in finding that her migraine headaches[2] and other combination of MDIs were non-severe at step two of the five-step sequential evaluation process.[3] Doc. 12. The Commissioner argues that the ALJ made proper determinations supported by substantial evidence in the record as a whole. Doc. 13. After careful consideration of the parties' arguments, the applicable authority, and the record, the court finds that the Commissioner's decision is due to be affirmed because it is supported by substantial evidence and the proper legal standards

---

[2] Although Crans' brief describes her headaches as "migraines," the medical records routinely reference her complaints of "headaches" rather than migraines.
[3] These are the "issues presented" by Crans in her brief. *See* Doc. 12 at 1. Any other issue not raised before the court is deemed waived. *See Dial v. Berryhill*, 2017 WL 459859, at *3 (M.D. Ala. Feb. 2, 2017) (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived)).

were applied, as explained below.

**C.     Analysis**

The Commissioner determined that Crans' MDIs, which include headaches and knee pain, both singularly and in combination, were not severe. Crans contends that the ALJ's decision should be reversed because it is based on improper legal standards with respect to the severity of her MDIs. The court, however, does not agree, as the record reflects that the ALJ provided a comprehensive and reasonable explanation for finding Crans' MDIs non-severe and this explanation is supported by substantial evidence in the record.

The regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a); Social Security Ruling 85-28. The Eleventh Circuit provides that "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The ALJ expressly acknowledged this standard in his decision and further noted that the guidance provided in Social Security Ruling 85-28—which clarifies the policy for determining when a claimant's MDIs can be found not severe—was carefully considered and applied to the facts of this case.

The ALJ rejected Crans' claims that she suffered from severe MDIs for several reasons. First, the ALJ noted Crans' admission that her MDIs do not interfere with her ability to perform many activities of daily living, such as tending to her personal care,

preparing meals, doing household chores, shopping, paying bills, and counting change. Second, while the medical records reflect that Crans complained to medical providers of constant headaches and intermittent knee and stomach pain, there is no indication in the record that she was ever in acute distress, and the record also reflects that her MDIs were treated conservatively with medication. Third, a Medical Source Statement completed by Dr. Celtin Robertson indicates that Crans' MDIs do not limit her ability to perform basic work activities.[4] Indeed, Dr. Robertson opined that Crans has no limitations on her ability to walk, stand, and sit; she does not need to use an assistive device; her fine and gross manipulation abilities are not limited; and she has no postural and environmental limitations. The only limitation Dr. Robertson placed on Crans was to restrict herself to occasional lifting of objects weighing 25 to 50 pounds due to pain and decreased mobility in her knee. Finally, the ALJ found Crans' subjective complaints about the severity of her MDIs not credible because she claimed on two different occasions that her pain medication had been stolen so that she could obtain refills, she rejected treatment of her right knee and hip despite claiming that they caused her pain, and she was repeatedly described by medical providers as neurologically intact and in no acute distress.

The ALJ's explanation for finding Crans' MDIs not to be severe is supported by substantial evidence. Crans claims that she has been suffering from headaches for ten to

---

[4] "Under the regulations, 'basic work activities' include physical functions, such as walking, lifting, pushing, or reaching, and also include mental functions, such as understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting." *Gray v. Comm'r of Soc. Sec.*, 426 F. App'x 751, 753 (11th Cir. 2011) (citing 20 C.F.R. § 404.1521(b)(1–6)).

fifteen years with a disability onset date of March 31, 2009.  However, when she reported to the emergency room at East Alabama Medical Center ("EAMC") on June 22, 2011 and July 30, 2013 for a toothache and cut to the hand, respectively, she did not complain of migraines or headaches, and she was noted not to be in acute distress.  When Crans presented to the EAMC emergency room on October 3, 2014, she complained of a headache and right knee pain, but she refused evaluation of her knee and hip and only requested a refill of her pain medication, which she claimed had been stolen.  Crans was described as "grossly intact" neurologically and not in any distress at this visit.  When she presented to the EAMC emergency room on April 3, 2014 for another headache, she claimed again that her pain medication had been stolen, but she also reported that her headaches were relieved with medication.

Crans was also treated on multiple occasions at Mercy Medical Clinic, which provides primary care for residents of Lee County, Alabama who do not have medical insurance.[5]  The treatment notes from those visits, however, mainly reflect Crans' subjective complaints of headaches and—very intermittently—right knee pain, and her prescriptions and refill requests for her pain medication.  Indeed, the treatment notes consist primarily of cursory notations by the treating medical provider and prescription refill requests.  Crucially, they contain no significant findings regarding Crans' MDIs, including her headaches, which form the crux of her disability claims.  In fact, the record contains no opinions from any physician indicating that any of Crans' MDIs cause functional

---

[5] *See* http://almercymedical-org.doodlekit.com/ (last visited October 17, 2017).

limitations and would affect her ability to perform basic work activities. The only functional limitation imposed by a physician is Dr. Robertson's opinion that Crans should only occasionally lift objects weighing 25 to 50 pounds due to knee pain and decreased range of motion in her knee. However, the ALJ assigned this portion of Dr. Robertson's opinion only "some weight" because it was inconsistent with his own objective findings, and the court sees no reason to reject this assessment particularly when Crans has not challenged the specific weight the ALJ assigned to Dr. Robertson's opinion.

In an effort to establish the severity of her MDIs, Crans points the court to her subjective complaints of headaches to medical providers and to her testimony at the administrative hearing, where she complained of migraine headaches lasting all day, every day, and also testified that she had to stop working because her headaches had become so severe and the medications she takes for them "make [her] stupid." Crans' subjective allegations, however, do not compel the ALJ to find that her headaches or knee pain were severe impairments because the ALJ did not find her testimony fully credible and articulated clear and specific reasons for this finding. *See Diel v. Astrue*, 2012 WL 3231058, at *5 (M.D. Fla. Aug. 6, 2012).

Crans also contends that the ALJ committed reversible error by relying on her inability to afford medical treatment in concluding that her MDIs were not severe. While the ALJ did note that Crans has not received the type of medical treatment that might be expected for a totally disabled individual, the record does not reflect that Crans' lack of financial means prevented her from seeking treatment. Crans was being treated at Mercy Medical Clinic, which provides primary care to uninsured individuals. Moreover, Crans'

references in the record to an inability to afford continued treatment are in the context of obtaining massages and chiropractic therapy, not primary care. To the contrary, the record indicates (although it is somewhat unclear) that Mercy Medical Clinic was attempting to obtain additional imaging for Crans, but that she needed to turn in additional paperwork, which she did not do.

There is no dispute in the record that Crans has complained of chronic headaches and intermittent knee pain and that she has been diagnosed with both. However, "the mere diagnosis of [a condition] says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). "A diagnosis or a mere showing of a 'deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Crans has not identified any medical records showing the effect of her MDIs on her ability to work or that her MDIs affected her ability to perform basic work activities. No examining or treating source has placed disabling limitations on Crans' ability to work, and the simple fact that she has been diagnosed with a MDI is not enough to establish that it is a severe impairment. *See Diel*, 2012 WL 3231058, at *4.

This court's review of a determination by the Commissioner that a claimant is not disabled is limited to whether the ALJ's decision is supported by substantial evidence and based upon proper legal standards. *See Mahan v. Berryhill*, 2017 WL 3670971, at *8 (S.D. Ala. Aug. 24, 2017). It is not the court's place to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," even if the court

would have reached a different result or the record evidence supports a different conclusion. *Sullivan v. Commr's of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017); *Bekiempis v. Colvin*, 2017 WL 459198, at *1 (M.D. Fla. Jan. 17, 2017). In this case, "[a]lthough a finding that a claimant's impairments are not 'severe' is unusual, the ALJ's opinion is thorough and addresses the medical evidence." *Gray*, 426 F. App'x at 753. Accordingly, because the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied, the court affirms the ALJ's decision.

## IV. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons stated above, the decision of the Commissioner is AFFIRMED. A final judgment will be entered separately.

DONE this 18th day of October, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE